JUSTIN KIRK TABAYOYON, S.B.N. 288957
**LAW OFFICES OF JUSTIN KIRK TABAYOYON**
1000 Texas Street, Suite A
Fairfield, CA 94533
Telephone: (707) 726-6009
Facsimile: (925) 826-3504
justin@tabayoyonlaw.com

Attorney for Plaintiff, **STEPHEN M. TALAMANTES**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **STEPHEN M. TALAMANTES**, <br><br> Plaintiff, <br><br> v. <br><br> **SOLANO COUNTY, a government entity; DALTON MCCAMPBELL, individually and in his official capacity as a Deputy Sheriff for Solano County Sheriff's Department.** <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS (42 U.S.C. §§ 1983; and Supplemental Claims)** <br><br> **DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. This action is brought pursuant to Title 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by Title 28 U.S.C. §§ 1331 and 1343.

## VENUE AND INTRADISTRICT ASSIGNMENT

1. The unlawful acts and practices alleged herein occurred in the City of Benicia, County of Solano, California, and this action is properly assigned to the United States District Court for the Eastern District of California. Venue lies in this Court pursuant to 28 U.S.C. § 1392(b)(2).

*Complaint for Violations of Civil Rights and Supplemental Claims*

# PARTIES

1. Plaintiff STEPHEN TALAMANTES ("TALAMANTES") is, and was at all relevant times herein mentioned, a competent adult resident of the State of California.

2. Defendant SOLANO COUNTY is, and was at all relevant times herein mentioned, a local public entity and political subdivision of the State of California, duly organized and existing under the laws of the State of California. SOLANO COUNTY SHERIFF'S DEPARTMENT ("SHERIFF'S DEPARTMENT") is a subsidiary of SOLANO COUNTY and employs personnel including deputy Dalton McCampbell.

3. Defendants DALTON MCCAMPBELL ("MCCAMPBELL") is and at all relevant times herein mentioned was, employed by SHERIFF'S DEPARTMENT as a Deputy Sheriff, and in doing the things hereinafter alleged was acting within the course and scope of his employment. Defendant MCCAMPBELL is sued as an individual as well as in his official capacity as a deputy for SHERIFF'S DEPARTMENT.

# CALIFORNIA GOVERNMENT CLAIM PREREQUISITE

4. Within six months of the events subject of this lawsuit, TALAMANTES submitted a government claim to Solano County Sheriff Department in accordance with California Government Code § 910 et seq. SOLANO COUNTY rejected TALAMANTES's claim on June 12, 2018. TALAMANTES files this lawsuit within the statutory prescribed period under the California Government Claims Act.

# GENERAL FACTUAL ALLEGATIONS

5. On or about November 23, 2017, Defendant MCCAMPBELL, while on duty as a SHERIFF'S DEPARTMENT deputy, acting under color of state authority, and in the course and scope of his employment and individually, used excessive force and upon TALAMANTES, causing him severe injury.

6. TALAMANTES was heading home on a dark night and he noticed two people were following him in the distance on foot. Unaware that the two individuals were law enforcement officers and fearful of who may be following him, TALAMANTES eventually began running. Once TALAMANTES realized it was a law enforcement officer, he stopped and waited for the

officer to approach.

7. MCCAMPBELL caught up with TALAMANTES and immediately physically attacked TALAMANTES, forcing him to the ground. TALAMANTES' head hit the ground during the takedown and he immediately began to profusely bleed from above his left eyebrow. Once on the ground MCCAMPBELL struck TALAMANTES multiple times with closed fist strikes. Another deputy, Arron Watts, then arrived and assisted MCCAMPBELL with placing TALAMANTES in handcuffs.

8. To cover up his completely unnecessary and excessive use of force, MCCAMPBELL arrested TALAMANTES for resisting, delaying, or obstructing a peace officer under California Penal Code Section 148(a)(1). The SOLANO COUNTY district attorney's office initially filed a single charge of a violation of Penal Code Section 148(a)(1) against TALAMANTES, but later dismissed the charge.

9. The amount of force used was completely unnecessary and clearly unreasonable under the circumstances. The use of extreme force was so excessive that it was clearly unlawful and blatantly obvious. Any reasonable law enforcement officer would have known that the amount of force used was unreasonable and excessive.

10. MCCAMPBELL intentionally and immediately used unreasonable and excessive force while placing TALAMANTES under arrest and putting him into handcuffs. Prior to using physical force on TALAMANTES, MCCAMPBELL did not give TALAMANTES an opportunity to submit to arrest without the application of physical force. MCCAMPBELL filled out a crime report falsely reporting that TALAMANTES entered a fighting stance and balled up his fists. In reality, MCCAMPBELL immediately resorted to physical violence and never instructed TALAMANTES to place his hands behind his back on his own volition so handcuffs could be applied. MCCAMPBELL was not aware of any objective facts that should have caused him to immediately resort to physical force to place handcuffs on TALAMANTES instead of simply asking TALAMANTES to submit to arrest by placing his hands behind his back.

11. On information and belief, MCCAMPBELL's immediate resort to excessive force to place TALAMANTES in handcuffs was a proximate result of SOLANO COUNTY's failure to

properly and adequately train, investigate, supervise, monitor, evaluate, and discipline MCCAMPBELL and other officers.

## FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983/Individual Liability
## (Against Defendants MCCAMPBELL)

12. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if set forth here in full.

13. In doing the acts and omissions complained of herein, MCCAMPBELL acted under color of state law to deprive TALAMANTES of the clearly established constitutionally protected right to be free from the use of excessive and unreasonable force by police officers while being arrested. This right is a substantive guarantee under the Fourth Amendment to the United States Constitution, which has been incorporated and applies to the states through the Fourteenth Amendment.

14. MCCAMPBELL used force in arresting TALAMANTES.

15. MCCAMPBELL's use of force was excessive and unreasonable.

16. TALAMANTES was harmed.

17. MCCAMBELL's use of excessive force was a substantial factor is causing TALAMANTES' harm as alleged in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
## Battery by Peace Officer
## (Against Defendant MCCAMPBELL)

18. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if set forth here in full.

19. MCCAMPBELL intentionally touched TALAMANTES with the intent to cause harm or offend him.

20. MCCAMPBELL used unreasonable force to arrest TALAMANTES.

21. Without resisting, TALAMANTES did not consent to the touching or use of

1 unreasonable force.

2     22. TALAMANTES was harmed by MCCAMPBELL's conduct.

3     23. MCCAMPBELL's conduct was a substantial factor in causing TALAMANTES' harm.

4     24. TALAMANTES is informed and believes and thereon alleges that said acts were intentional, willful, malicious, oppressive, and/or done with a conscious disregard and/or reckless disregard for his rights. Therefore, TALAMANTES prays for an award of punitive damages against MCCAMPBELL.

8     25. MCCAMPBELL's acts and/or omissions were done within the course and scope of his employment with VVPD. Therefore, CITY is liable under the doctrine of *respondeat superior*.

10     WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against MCCAMBELL)

14     26. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if set forth here in full.

16     27. MCCAMPBELL's conduct as described herein was outrageous because there was no reason to use excessive force to arrest TALAMANTES who was fully cooperating.

18     28. In engaging in the conduct as described herein MCCAMPBELL intended to cause or recklessly disregarded the foreseeable risk that TALAMANTES would suffer extreme emotional distress because of his conduct.

21     29. Because of MCCAMPBELL's intentional acts and/or omissions, TALAMANTES suffered emotional distress and will continue to do so. Because of the incident TALAMANTES experiences severe anxiety and fears that he will again be brutalized by police.

24     30. MCCAMPBELL's actions were a substantial factor in causing TALAMANTES severe emotional distress.

26     31. TALAMANTES is informed and believes and thereon alleges that said acts were intentional, willful, malicious, oppressive, and/or done with a conscious disregard and/or reckless disregard for his rights. Therefore, TALAMANTES prays for an award of punitive

*Complaint for Violations of Civil Rights and Supplemental Claims*

damages against MCCAMPBELL.

32. MCCAMPBELL's acts and/or omissions were done within the course and scope of his employment with SOLANO COUNTY. Therefore, SOLANO COUNTY is liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## **FOURTH CAUSE OF ACTION**

### **Negligence**

### **(Against all Defendants)**

33. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if set forth here in full.

34. This action is brought pursuant to sections 820 and 815.2 of the California Government Code.

35. Pursuant to section 820 of the California Government Code, as a public employees, MCCAMPBELL is liable for injuries caused by his acts or omission to the same extent as a private person.

36. SOLANO COUNTY is liable for injuries proximately caused by acts or omissions of its employees within the scope of their employment pursuant to California Government Code section 815.2, subdivision (a).

37. At all times mentioned herein, MCCAMPBELL was acting within the course and scope of his employment with SOLANO COUNTY. As such, SOLANO COUNTY is liable in *respondeat superior* for the injuries cause by them.

38. At the time of the subject incident MCCAMPBELL owed TALAMANTES a duty to act with due care in the execution and enforcement of any right, law or legal obligation.

39. At all times MCCAMPBELL owed TALAMANTES the duty to act with reasonable care. The general duty of reasonable care owed to TALAMANTES by Defendants, and/or each of them, include but are not limited to refraining from using excessive and/or unreasonable force against TALAMANTES. Additionally, these general duties of reasonable care and due care owed to TALAMANTES by Defendant SOLANO COUNTY includes but is not limited to

properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers always act in the public interest and in conformance with law.

40. Defendants, and/or each of them, in doing the acts and/or omissions as alleged in the preceding and subsequent paragraphs, negligently breached each one of the duties owed to TALAMANTES.

41. The negligent acts and/or omissions of Defendants, and/or each of them, caused and/or will continue to cause TALAMANTES to suffer severe emotional distress.

42. Because of the negligence of Defendants, and/or each of them, TALAMANTES incurred damages, and will continue to incur emotional distress.

43. The actions of Defendants, and/or each of them, were a substantial factor in causing TALAMANTES severe emotional distress.

44. As a direct and proximate result of the negligence of Defendants, and/or each of them, TALAMANTES sustained injuries and damages, and against each Defendant are entitled to relief, including punitive damages against MCCAMPBELL.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief against each Defendant herein, jointly and severally:

1. special and general damages in an amount to be determined according to proof and which is fair, just, and reasonable;
2. for punitive damages, as permitted by law and according to proof, as to defendant MCCAMPBELL;
3. all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 USC §§1983, 1988, and as otherwise may be allowed by federal law; and
4. such other relief as this Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues and claims for relief.

Dated: 12/11/2018  **LAW OFFICES OF JUSTIN KIRK TABAYOYON**

By:   /S/ Justin Kirk Tabayoyon
JUSTIN KIRK TABAYOYON
Attorney for Plaintiff