GREGG A. THORNTON (SBN 146282)
gthornton@selmanlaw.com
DANIELLE LEWIS (SBN 218274)
dlewis@selmanlaw.com
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone: 415.979.0400
Facsimile: 415.979.2099

Attorneys for Defendants
COUNTY OF SOLANO and
DALTON McCAMPBELL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN M. TALAMANTES,<br><br>Plaintiffs,<br><br>v.<br><br>SOLANO COUNTY, a government entity; DALTON McCAMPBELL, individually and in his official capacity as a Deputy Sheriff for Solano County Sheriff's Department,<br><br>Defendants. | Case No. 2:18-CV-03187-MCE-KJN<br><br>ANSWER TO COMPLAINT FOR DAMAGES<br><br>NOTICE OF INTENTION TO SEEK ATTORNEYS FEES AND COSTS PURSUANT TO 42 U.S.C. §1988<br><br>[DEMAND FOR JURY TRIAL] |

Defendants COUNTY OF SOLANO and DALTON McCAMPBELL (hereafter collectively "Defendants"), by and through their attorneys of record, as an answer to plaintiff STEPHEN TALAMANTES' complaint, hereby admit, deny, and allege as follows:

**JURISDICTION**

1. Responding to paragraph 1 of the complaint, without admitting any wrongdoing or liability for any alleged acts or omissions and without admitting that plaintiff is entitled to damages sought, Defendants admit that this action is being brought pursuant to 42 U.S.C. §§ 1983 and 1988. Defendants further admit that this court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

///

1

ANSWER TO COMPLAINT FOR DAMAGES
2:18-CV-03187-MCE-KJN

## VENUE AND INTRADISTRICT ASSIGNMENT

2. Responding to paragraph 1 (sic) of the complaint, without admitting any wrongdoing or liability for any alleged acts or omissions and without admitting that plaintiff is entitled to damages sought, Defendants admit that Benicia, Solano County, California is within the judicial district of this Court.

## PARTIES

3. Responding to paragraph 1 (sic) of the complaint, Defendants do not have sufficient information or belief to enable them to admit or deny the allegations contained therein and, on such basis, denies each and every, all and singular, generally and specifically, the allegations in said paragraph.

4. Responding to paragraph 2 of the complaint, without admitting any wrongdoing or liability for any alleged acts or omissions and without admitting that plaintiff is entitled to damages sought, Defendants admit that County of Solano is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California. Defendants also admit that County of Solano was the employer of Dalton McCampbell.

5. Responding to paragraph 3 of the complaint, without admitting any wrongdoing or liability for any alleged acts or omissions and without admitting that plaintiff is entitled to damages sought, Defendants admit that Dalton McCampbell was employed by the County of Solano. Defendants further admit that Dalton McCampbell was, and is, a Deputy Sheriff for the County of Solano Sheriff's Department, and that the complaint names Dalton McCampbell individually and in his official capacity. Responding to the remaining allegations contained in paragraph 3 of the complaint, Defendants do not have sufficient information or belief to enable them to admit or deny the allegations contained therein and, on such basis, deny each and every, all and singular, generally and specifically, the remaining allegations in said paragraph.

## CALIFORNIA GOVERNMENT CLAIM PREREQUITE

6. Responding to paragraph 4 of the complaint, without admitting any wrongdoing or liability for any alleged acts or omissions and without admitting that plaintiff is entitled to damages sought, Defendants admit that plaintiff submitted a Government Tort Claim to the

1  Solano County Sheriff Department, and that Solano County rejected that claim on June 12, 2018.
2  Responding to the remaining allegations contained in paragraph 4 of the complaint, Defendants
3  do not have sufficient information or belief to enable them to admit or deny the allegations
4  contained therein and, on such basis, deny each and every, all and singular, generally and
5  specifically, the remaining allegations in said paragraph.

## GENERAL FACTUAL ALLEGATIONS

7. Responding to paragraph 5 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

8. Responding to paragraph 6 of the complaint, Defendants do not have sufficient information or belief to enable them to admit or deny the allegations contained therein and, on such basis, deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

9. Responding to paragraph 7 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

10. Responding to paragraph 8 of the complaint, Defendants deny any allegation that Dalton McCampbell took any action for the purpose of any cover up. Defendants further deny Dalton McCampbell used unnecessary or excessive force. As to the remaining allegations in said paragraph, Defendants do not have sufficient information or belief to enable them to admit or deny the allegations contained therein and, on such basis, deny each and every, all and singular, generally and specifically, the remaining allegations in said paragraph.

11. Responding to paragraph 9 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

12. Responding to paragraph 10 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

13. Responding to paragraph 11 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

///
///

ANSWER TO COMPLAINT FOR DAMAGES
2:18-CV-03187-MCE-KJN

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983/Individual Liability

### (Against Defendant MCCAMPBELL)

14. Responding to paragraph 12 of the complaint, Defendants incorporate by reference Defendants' responses to the preceding paragraphs and allegations to the same extent plaintiff's paragraphs and allegations are incorporated by reference.

15. Responding to paragraph 13 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

16. Responding to paragraph 14 of the complaint, Defendants do not have sufficient information or belief to enable them to admit or deny the allegations contained therein and, on such basis, deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

17. Responding to paragraph 15 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

18. Responding to paragraph 16 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

19. Responding to paragraph 17 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph. Defendants further deny any liability.

## SECOND CAUSE OF ACTION

### Battery By Police Officer

### (Against Defendant MCCAMPBELL)

20. Responding to paragraph 18 of the complaint, Defendants incorporate by reference Defendants' responses to the preceding paragraphs and allegations to the same extent plaintiff's paragraphs and allegations are incorporated by reference.

21. Responding to paragraph 19 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

22. Responding to paragraph 20 of the complaint, Defendants deny each and every,


4

ANSWER TO COMPLAINT FOR DAMAGES
2:18-CV-03187-MCE-KJN

all and singular, generally and specifically, the allegations in said paragraph.

23. Responding to paragraph 21 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

24. Responding to paragraph 22 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

25. Responding to paragraph 23 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

26. Responding to paragraph 24 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

27. Responding to paragraph 25 of the complaint, Defendants do not have sufficient information or belief to enable them to admit or deny the allegations contained therein and, on such basis, deny each and every, all and singular, generally and specifically, the allegations in said paragraph. Defendants further deny any liability.

## THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against Defendant MCCAMPBELL)

28. Responding to paragraph 26 of the complaint, Defendants incorporate by reference Defendants' responses to the preceding paragraphs and allegations to the same extent plaintiff's paragraphs and allegations are incorporated by reference.

29. Responding to paragraph 27 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

30. Responding to paragraph 28 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

31. Responding to paragraph 29 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

32. Responding to paragraph 30 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

33. Responding to paragraph 31 of the complaint, Defendants deny each and every,

all and singular, generally and specifically, the allegations in said paragraph.

34.  Responding to paragraph 32 of the complaint, Defendants do not have sufficient information or belief to enable them to admit or deny the allegations contained therein and, on such basis, deny each and every, all and singular, generally and specifically, the allegations in said paragraph. Defendants further deny any liability.

## FOURTH CAUSE OF ACTION

### Negligence

### (Against All Defendants)

35.  Responding to paragraph 33 of the complaint, Defendants incorporate by reference Defendants' responses to the preceding paragraphs and allegations to the same extent plaintiff's paragraphs and allegations are incorporated by reference.

36.  Responding to paragraph 34 of the complaint, Defendants do not have sufficient information or belief to enable them to admit or deny the allegations contained therein and, on such basis, deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

37.  Responding to paragraph 35 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

38.  Responding to paragraph 36 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

39.  Responding to paragraph 37 of the complaint, Defendants do not have sufficient information or belief to enable them to admit or deny the allegations contained therein and, on such basis, deny each and every, all and singular, generally and specifically, the allegations in said paragraph. Defendants further deny any liability.

40.  Responding to paragraph 38 of the complaint, Defendants do not have sufficient information or belief to enable them to admit or deny the allegations contained therein and, on such basis, deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

41. Responding to paragraph 39 of the complaint, Defendants do not have sufficient information or belief to enable them to admit or deny the allegations contained therein and, on such basis, deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

42. Responding to paragraph 40 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

43. Responding to paragraph 41 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

44. Responding to paragraph 42 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

45. Responding to paragraph 43 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

46. Responding to paragraph 44 of the complaint, Defendants deny each and every, all and singular, generally and specifically, the allegations in said paragraph.

### PRAYER FOR RELIEF

47. Responding to the Prayer For Relief contained in the complaint, Defendants acknowledge that the Prayer contains plaintiff's request for relief; however, Defendants deny that plaintiff is entitled to the relief sought in paragraphs 1 through 4 of the Prayer as to each and every, all and singular, generally and specifically, the relief sought in said paragraphs.

### DEMAND FOR JURY TRIAL

48. Responding to the Demand for Jury Trial contained in the complaint, Defendants acknowledge that plaintiff has demanded a trial by jury as to all issues and claims for relief.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

49. Defendants assert the following affirmative and additional defenses to the complaint, but do not assume the burden of proof of any such defenses, except as required by law.

///

### FIRST AFFIRMATIVE DEFENSE

50. The complaint, and each cause of action contained therein, fails to state a claim upon which relief can be granted against defendants, and otherwise fails to adequately articulate or plead a claim under 42 U.S.C. §1983, any statutory or common law, or any other plausible claim for relief.

### SECOND AFFIRMATIVE DEFENSE

51. Plaintiff lacks standing to assert the claims made or to seek the relief requested in the complaint.

### THIRD AFFIRMATIVE DEFENSE

52. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE

53. This court lacks jurisdiction over plaintiff's state law claims.

### FIFTH AFFIRMATIVE DEFENSE

54. Plaintiff has failed to exhaust the required administrative remedies for some or all of their attempted causes of action. Further, plaintiff has failed to comply with the requirements under the Government Code, including but not limited to Government Tort Claim requirements, and their claims are barred.

### SIXTH AFFIRMATIVE DEFENSE

55. Plaintiff has not suffered any damages as a result of any actions taken by Defendants or their employees or agents, or any inaction on the part of Defendants or their employees or agents, and plaintiff is thus barred from asserting any cause of action against Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

56. Plaintiff cannot establish an injury-in-fact or the probability of a future injury, a causal connection between any purported injury-in-fact and the challenged action or inaction of Defendants, or that any purported injury would be redressed by a favorable decision.

///

### EIGHTH AFFIRMATIVE DEFENSE

57. None of the acts or omissions alleged by plaintiff is or was an actual or proximate cause of a deprivation of plaintiff's rights.

### NINTH AFFIRMATIVE DEFENSE

58. The acts complained of by plaintiff were provoked by plaintiff's unlawful and wrongful conduct.

### TENTH AFFIRMATIVE DEFENSE

59. Plaintiff's alleged damages, if any, were caused by circumstances and conduct other than that alleged in the complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

60. The acts or omissions complained of in the complaint were consented to by plaintiff and, therefore, plaintiff cannot complain of the damages alleged in the complaint. Further, Defendants allege that any touching or force that may have occurred was privileged in that law enforcement officers are entitled to use such force as is reasonably necessary and/or justified.

### TWELFTH AFFIRMATIVE DEFENSE

61. Any act or omission, including any seizure, detention, search or use of force alleged by plaintiff was done in good faith and with a reasonable belief that such actions were justified, proper and lawful, and was affected pursuant to a good faith belief in, as well as the existence of, sufficient probable cause. Further, Defendants contend that the injuries and damages, if any there were, allegedly inflicted upon plaintiff by any defendant were justified and resulted from a lawful exercise of an arrest, lawful detention and/or lawful exercise of a search and seizure pursuant to facts which carried sufficient probable cause to allow the arrest, detention and/or search and seizure of plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

62. A substantive due process analysis is inapplicable to actions by police.

///

///

### FOURTEENTH AFFIRMATIVE DEFENSE

63. Plaintiff is not entitled to recovery under the Fourth or Fourteenth Amendment to the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

64. The Defendants in this matter were at all times acting in self-defense, and that plaintiff's conduct did provoke the alleged acts on the part of the Defendants in this matter. Furthermore, the Defendants allege that all injuries and damages alleged to have been inflicted upon plaintiff, by any defendant, if any there were, were justified as a necessary use of force under the circumstances presented at the time of the incident and said force was not excessive. The Defendants similarly allege that Defendants responded to acts instigated by plaintiff or third-party influences by doing only those acts that were reasonably necessary for the defense and safety of themselves and others.

### SIXTEENTH AFFIRMATIVE DEFENSE

65. The training, supervising, instructing, controlling, and disciplining of police officers was done in the good faith belief that the actions of all Defendants were constitutional and that such believe was reasonable under the circumstances.

### SEVENTEENTH AFFIRMATIVE DEFENSE

66. The acts, statements and conduct alleged to have been done by Defendants, relating to or affecting the plaintiff, are privileged and the claims alleged in the complaint are barred by the doctrines of both statutory and common law absolute and qualified immunities. Additionally, plaintiff's claims are barred by other immunities applicable to government agencies and their employees under California law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

67. Plaintiff himself was negligent and/or careless, or committed intentional acts, and said negligence and carelessness, or those intentional acts, resulted in plaintiff's injuries and/or damages, and otherwise proximately contributed to the happening of the incidents referred to in the complaint, and to the extent said negligence and/or carelessness, or those intentional acts,

caused and/or contributed to injuries and/or damages, if any, plaintiff's recovery should be barred or proportionately reduced.

### NINETEENTH AFFIRMATIVE DEFENSE

68. Persons other than Defendants and plaintiff were negligent and/or careless, or committed intentional acts, and said negligence and carelessness, or those intentional acts, proximately contributed to the happening of the incidents referred to in the complaint, and to the extent said negligence and/or carelessness, or those intentional acts, caused and/or contributed to injuries and/or damages, if any, plaintiff's recovery against defendants should be barred or proportionately reduced.

### TWENTIETH AFFIRMATIVE DEFENSE

69. Negligence is not actionable as a violation of due process of law under either 42 U.S.C. §1983 or Article I, §§7(a) and 13, of the California Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

70. Plaintiff has had, and continues to have, the ability and opportunity to mitigate his alleged damages, if any there were, and have failed and refused to mitigate such alleged damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

71. Plaintiff assumed the risk of loss and damages complained of in the complaint, if there was any. His own assumption of risk was the proximate cause of the injuries and/or damages complained of in the complaint. Consequently, plaintiff is precluded from recovery.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

72. Plaintiff failed and neglected to use reasonable care to protect himself or his property, and thereby failed to minimize the losses and damages complained of, if any there were.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

73. Plaintiff, by virtue of having been the sole or major contributing factor giving rise to the alleged losses of which plaintiff now complains, is guilty of unclean hands and, therefore,

plaintiff is barred from seeking relief sought here by the Doctrine of Unclean Hands, as well as the principle of *In Pare Delicto*.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

74. The complaint, and each of the claims for relief contained therein, is barred by the equitable Doctrine of Waiver.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

75. The complaint, and each of the claims for relief contained therein, is barred by the equitable Doctrine of Laches.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

76. The complaint, and each of the claims for relief contained therein, is barred by the equitable Doctrine of Estoppel.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

77. To the extent plaintiff's action herein is for alleged personal injury based upon principles of comparative fault, pursuant to the provisions of California Civil Code §1431, *et seq.*, Defendants' liability, if any, for non-economic damages, if any, shall be several only and shall not be joint. Defendants request a judicial determination of the amount of non-economic damages, if any, allocated to each of them in direct proportion to their individual percentage of fault, if any, and a separate judgment in conformance therewith.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

78. The complaint, and each of the claims for relief contained therein, fails to state facts sufficient to support an award of statutory damages, attorneys' fees, costs and/or expenses against Defendants.

### THIRTIETH AFFIRMATIVE DEFENSE

79. It is against the public policy for a plaintiff to profit from his own wrongs by recovering any sums whatever from defendants. Consequently, plaintiff is precluded from any recovery as to any cause of action stated in the complaint.

///

///

## THIRTY-FIRST AFFIRMATIVE DEFENSE

80. Plaintiff requests punitive damages and, in doing so, are attempting to take advantage of statutory law of the State of California, and decisions of the California Supreme Court with respect to allowing punitive damages. The decisions of law, if applied in this case, would contravene Defendants' constitutional rights to substantive and procedural due process of law as preserved by the Fourteenth Amendment of the United States Constitution; would constitute a denial by this court of defendants' constitutional rights to equal protection under the law as provided by the Fourteenth Amendment; would constitute cruel and unusual punishment as well as an excessive fine as proscribed by the Eighth Amendment; and further would constitute a taking of private property for public use without just compensation, and such a taking would contravene Defendants' constitutional rights preserved by the Fourteenth Amendment. Further, punitive damages are not recoverable against public entities as a matter of law.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

81. The imposition of statutory minimum damages in this matter would violate defendants' Eighth Amendment protection against excessive fines in violation of United States Constitution, and the California Constitution.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

82. The damages sought by plaintiff do not constitute recoverable damages against Defendants.

## RESERVATION OF AFFIRMATIVE DEFENSES

83. Defendants reserve the right to raise and assert additional defenses that may be applicable to the claims raised by plaintiff's complaint.

WHEREFORE, Defendants pray as follows:

1. The complaint be dismissed with prejudice and plaintiff takes nothing by way of said pleading;

2. That judgment be entered in favor of Defendants, and against plaintiff;

3. That Defendants, recover their costs of suit, including reasonable expenses, expert witness fees, and attorneys' fees pursuant to 42 U.S.C. §1988, and any other applicable statute; and

4. That this court award to Defendants such other and further relief that it may deem proper.

DATED: January 10, 2019        SELMAN BREITMAN LLP


By: /s/ *Danielle K. Lewis*
    GREGG A. THORNTON
    DANIELLE K. LEWIS
    Attorneys for Defendants
    COUNTY OF SOLANO and
    DALTON McCAMPBELL